UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAUN L. CAIN,

                          Plaintiff,

          v.                                         **DECISION AND ORDER**
                                                     20-CV-1710S
COUNTY OF NIAGARA, NEW YORK,
JOHN DOE 1 AND 2,
CITY OF NIAGARA FALLS, NEW YORK,
JOHN DOE 3 AND 4,

                          Defendants.

## I.     Introduction

This is a civil rights action following the detention and arrest of Plaintiff Shaun Cain.

He claims that Niagara County Sheriff's deputies illegally detained him and turned him

over to the City of Niagara Falls Police Department.  The Police Department then arrested

him.  Plaintiff claims all this occurred without probable cause.

Niagara County and then-John Doe Defendants 1 (later identified as Keith

Kennedy) and 2 (Guy Fratello) later moved to dismiss (Docket No. 5).  On March 2, 2022,

this Court granted that Motion in part, dismissing the First, Third, Fourth, and Fifth Causes

of Action against the County Defendants, but denied dismissal of the Second Cause of

Action (Docket No. 15, Cain v. County of Niagara, No. 20CV1710, 2022 WL 616795

(W.D.N.Y. Mar. 2, 2022) (Skretny, J.)).  Familiarity with that Decision and Order is

presumed.

Plaintiff then amended his Complaint (Docket No. 16).  There, Plaintiff renewed his

claims against the City of Niagara Falls (hereinafter "Niagara Falls" or the "City") and its

police officers John Doe 3 and 4 while eliminating claims against Niagara County consistent with the March 2nd Decision and Order.

Presently before this Court is the City's Motion to Dismiss the Amended Complaint (Docket No. 17). Niagara Falls also argues for John Doe Defendants 3 and 4 insofar as they are City employees (Docket No. 17, Niagara Falls Atty. Decl. ¶ 2 n.1; id. Niagara Falls Memo. at 3 n.11).

For the reasons stated herein, Niagara Falls' Motion to Dismiss (id.) is granted, dismissing the Amended Complaint against the City of Niagara Falls. The City's arguments for qualified immunity for John Does 3 and 4 (id., Niagara Falls Memo. at 11-12) are denied without prejudice.

## II.    Background

Defendants are the County Defendants (Niagara County, Deputies Kennedy and Fratello), the City of Niagara Falls, and John Doe Niagara Falls Police officers 3 and 4.

### A.  Facts

As stated in the March 2 Decision and Order, Cain, supra, 2022 WL 616795, at *1-2, and realleged in the Amended Complaint (Docket No. 16, Am. Compl. ¶¶ 33-93), on March 25, 2019, Plaintiff's former girlfriend, Lakara Brewer, worked at the 7-Eleven in Wheatfield, New York. Plaintiff and his mother, Louise Blissett, went to that 7-Eleven to retrieve Plaintiff's allegedly stolen property from Brewer. (Id. ¶¶ 33-34.) Blissett saw the property in Brewer's car and called 911 reporting it stolen (id. ¶¶ 36, 37).

Niagara County Deputies Kennedy and Fratello later arrived at this 7-Eleven. These deputies spoke with Plaintiff and Brewer. Plaintiff alleges that John Doe 1 (Kennedy) pressured Brewer into charging Plaintiff with a crime and Brewer eventually

signed an accusatory statement against Plaintiff.   (Id. ¶¶ 39-54, 57.)   Kennedy and Fratello then detained Plaintiff for 45 minutes (id. ¶¶ 57, 65, 67).   Kennedy, however, told Plaintiff that he was not under arrest, but he was being detained, handcuffing him, and placing him in the sheriff's patrol car (id. ¶¶ 62-64).

Plaintiff then was removed from the sheriff's vehicle and handed over to Niagara Falls Police officers, John Does 3 and 4 (id. ¶ 67).   The officers then arrested Plaintiff (id. ¶ 68).   In his Second Cause of Action, Plaintiff alleges that Kennedy and Fratello provided false information to John Doe Officers 3 and 4 resulting in his arrests by the County and Niagara Falls (id. ¶ 99; see id. ¶¶ 76-77).

Later, Plaintiff was charged with criminal obstruction of breathing, N.Y. Penal L. § 121.11, and harassment in the second degree, N.Y. Penal L. § 240.26(1) (id. ¶ 76).

Plaintiff was booked, detained, and placed in a jail cell (id. ¶¶ 73-75).   While in custody, Plaintiff became ill and was taken to Niagara Falls Memorial Medical Center for treatment (id. ¶¶ 78-80, 82).   About three hours later, Plaintiff returned to jail (id. ¶¶ 82-83).

At some point, Plaintiff then was arraigned and released on his own recognizance (id. ¶¶ 82, 83).   After subsequent court appearances, the state court dismissed all charges against Plaintiff on July 2, 2019 (id. ¶ 84).   He alleges malicious prosecution without any just cause or reason because the City and John Does 3 and 4 were aware of his innocence (id. ¶ 85).

B.  Proceedings and Amended Complaint

On June 21, 2019, Plaintiff served Notices of Claim upon the municipal Defendants (id. ¶¶ 26-31).   After Plaintiff served his initial Complaint (Docket No. 1), the County Defendants moved to dismiss (Docket No. 5).

Niagara Falls answered the original Complaint and alleged crossclaims against the County Defendants for contribution in the event Plaintiff prevailed against Niagara Falls (Docket No. 13).  John Doe 3 and 4 did not appear and there is no proof of their service on the docket.

On March 2, 2022, this Court dismissed Plaintiff's original First, Third, and Fourth Causes of Action against the County Defendants but denied dismissal of the Second Cause of Action against them on issue of fact as to probable cause for arrest precluding dismissal, Cain, supra, 2022 WL 616795, at *5-8, 8-16, 17-18.  The Decision and Order also granted their Motion to Dismiss the Fifth Cause of Action against Niagara County, id. at *17, 18.  This Decision also dismissed Niagara Falls' crossclaim against the County Defendants, id. at *18.

On March 19, 2022, Plaintiff filed and served his Amended Complaint (Docket No. 16).  The Amended Complaint now alleges in the First Cause of Action that Plaintiff's detention was without probable cause in violation of the Fourth and Fourteenth Amendments against Niagara Falls and John Does 3 and 4 (collectively the "Niagara Falls Defendants").  The Second Cause of Action alleges false arrest and false imprisonment against all Defendants.  The Third Cause of Action alleges malicious prosecution by the Niagara Falls Defendants.  The Fourth Cause of Action alleges due process violations by

the Niagara Falls Defendants.  Finally, the Fifth Cause of Action alleges municipal liability against Niagara Falls.  (Id.)

The County Defendants answered (Docket No. 18).

### C.  Proceedings and Motion to Dismiss

Meanwhile, Niagara Falls moved to dismiss the Amended Complaint (Docket No. 17[1]).  Although Niagara Falls raises argument on behalf of John Does 3 and 4, the City did not expressly move for them.

Responses to this Motion was due April 26, 2022, and reply by May 3, 2022 (Docket No. 19).  After timely responses and reply (Docket Nos. 20, 21), this Motion was deemed submitted without oral argument.

### III.     Discussion

### A.  Applicable Standards

#### 1.  Motion to Dismiss

Niagara Falls moves to dismiss on the grounds that the Complaint fails to state a claim for which relief can be granted (Docket No. 17).  As noted in the March 2nd Decision, Cain, supra, 2022 WL 616795, at *3, under Rule 12(b)(6), the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a Complaint must be

---

[1]In support of the Motion to Dismiss, Niagara Falls submits the Declaration of its attorney and its Memorandum of Law, Docket No. 16.  Niagara Falls then replies with its Reply Memorandum of Law, Docket No. 21.

In opposition, Plaintiff submits the Declaration of his attorney and his Memorandum of Law, Docket No. 20.

dismissed pursuant to Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46).

To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5. As reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference, Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).

In considering such a motion, the Court must accept as true all the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual

averments will not be accepted as true.  New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

### 2.  Supplemental Jurisdiction

The existence of supplemental jurisdiction over the state law claims (such as the Second and Third Causes of Action and potentially portions of his Fourth Cause of Action) may be raised by the parties or by this Court sua sponte, Lyndonville Sav. Bank & Trust v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000); LaChapelle v. Torres, 37 F. Supp. 3d 672, 680 (S.D.N.Y. 2014).  In deciding the County Defendant's Motion, this Court decided to exercise supplemental jurisdiction over those state law claims, Cain, supra, 2022 WL 616795, at *3-4, 13.  This Court has "to consider throughout the litigation whether to exercise its jurisdiction over the case," Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

Original federal jurisdiction here arises from Plaintiff's First and Fifth Causes of Action under 42 U.S.C. § 1983 and potentially under the Fourth Cause of Action.  The Second and Third Causes of Action under New York common law share the same nucleus of operative facts as the First, Fourth, and Fifth Causes of Action alleging violation of due process and asserting municipal liability.  Under 28 U.S.C. § 1367, this Court may decide to exercise supplemental jurisdiction over Plaintiff's state law claims, see Klein v. London Star Ltd., 26 F. Supp. 2d 689, 692 (S.D.N.Y. 1998), or may decline to hear these supplemental state law claims.  Under § 1367(c), this Court would decline to exercise supplemental jurisdiction "in exceptional circumstances, there are other compelling reasons for declining jurisdiction," 28 U.S.C. § 1367(c)(2), (4); see Klein, supra, 26 F. Supp. 2d at 692.

B.  False Arrest and Related Claims

    1.  Applicable Standards

The parties remain presumed familiar with the standards for Plaintiff's § 1983 and constitutional claims as stated in the March 2nd Decision and Order, <u>Cain</u>, <u>supra</u>, 2022 WL 616795, at *8-10, as well as the municipal liability standards, <u>id.</u> at *16.

    2.  Plaintiff's Arrest by Niagara Falls Police

As was done in the March 2nd Decision and Order, <u>Cain</u>, <u>supra</u>, 2022 WL 616795, at *8, this Court considers together the Amended Complaint's First and Fourth Causes of Action since both causes of action allege violations of due process from Plaintiff's detention.   This Court also considers the Second and Third Causes of Action on the common issue of the existence of probable cause for Plaintiff's arrest.

        a.  Applicable Standards—§ 1983 and Constitutional Right Allegations

To prove the elements of a § 1983 cause of action Plaintiff must show that "(1) a person (2) acting under color of state law (3) subjected the plaintiff or caused the plaintiff to be subjected (4) to the deprivation of a right secured by the Constitution or laws of the United States," <u>City of Okla. City v. Tuttle</u>, 471 U.S. 808, 829, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) (Brennan, J., concurring).  Here, the first two elements are not questioned.

For deprivation of rights Plaintiff invokes his rights under the Fourth and Fourteenth Amendments.  These rights under the Fourth Amendment are applicable to municipalities through incorporation by the Due Process Clause of the Fourteenth Amendment, <u>see</u> <u>Elkins v. United States</u>, 364 U.S. 206, 213, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960); <u>Wolf v. Colorado</u>, 338 U.S. 25, 27-28, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949)), while the Fourteenth Amendment Due Process Clause is applicable to actions against a

municipality, <u>Alexis v. Town of Cheektowaga</u>, No. 17CV985, 2021 WL 5239900, at *9 (W.D.N.Y. Nov. 10, 2021) (Skretny, J.).

The Fourth Amendment provides

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

U.S. Const. amend. IV.

Plaintiff alleges that Defendants deprived him of his due process rights from his detention, arrest, and incarceration (<u>see</u> Docket No. 16, Am. Compl. ¶ 95).  These deprivations may include the subsequent malicious prosecution following that detention and arrest (<u>see</u> <u>id.</u> ¶¶ 83-85, 88, 95).

"A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer, '"by means of physical force or show of authority,"' terminates or restrains his freedom of movement, <u>Florida v. Bostick</u>, 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (quoting <u>Terry v. Ohio</u>, 392 U.S. 1, 19, n.16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)), '<u>through means intentionally applied</u>,' <u>Brower v. County of Inyo</u>, 489 U.S. 593, 597, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989) (emphasis in original)."

<u>Brendlin v. California</u>, 551 U.S. 249, 254, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007).

Constitutional false arrest or false imprisonment alleged in a § 1983 civil rights action has the same elements as state common law false arrest claim, <u>Singer v. Fulton Cnty. Sheriff</u>, 63 F.3d 110, 118 (2d Cir. 1995), <u>cert. denied</u>, 517 U.S. 1189, 116 S.Ct. 1676, 134 L.Ed.2d 779 (1996); <u>Weyant v. Okst</u>, 101 F.3d 845, 852 (2d Cir. 1996) (<u>see also</u> Docket No. 5, Defs. Memo. at 11).  Those elements are that the defendant intended to confine the plaintiff; that plaintiff was conscious of the confinement and did not consent to the confinement; and the confinement was not otherwise privileged, <u>Singer</u>, <u>supra</u>,

63 F.3d at 118 (quoting <u>Broughton v. State of N.Y.</u>, 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87, 93, <u>cert. denied sub. nom. Schanbarger v. Kellogg</u>, 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975)).

To state a claim for false arrest or false imprisonment under New York law "the plaintiff must show that '(1) the defendants intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged,'" <u>Salem v. City of N.Y.</u>, No. 17 Civ. 4799 (JKG), 2018 WL 3650132, at *3 (S.D.N.Y. Aug. 1, 2018) (quoting <u>Holland v. City of Poughkeepsie</u>, 90 A.D.3d 841, 845, 935 N.Y.S.2d 583, 589 (2d Dep't 2011) (quotation omitted) (<u>see</u> Docket No. 5, Defs. Memo. at 11).   The key difference from Fourth Amendment seizure is that the duration of seizure or the length of the deprivation of liberty is not an element of common law false arrest, <u>cf. Muza v. Niketown New York</u>, 278 A.D.2d 13, 14, 717 N.Y.S.2d 142, 143 (1st Dep't 2000) (whether duration of store patron's detention in false arrest claim was reasonable under N.Y. General Business Law § 218 precluded summary judgment); <u>Pawlowski v. State</u>, 45 Misc.2d 933, 939, 258 N.Y.S.2d 258, 265 (N.Y. Ct. Cl.1965) (claimant sustained a false arrest and imprisonment for several hours of detention).

The Fourteenth Amendment prohibits the deprivation of life, liberty, or property without due process of law, U.S. Const., amend. XIV.

For Plaintiff's Due Process claim, a prolonged post-arrest detention implicates the Fourth Amendment, <u>Mikulec v. Town of Cheektowaga</u>, 909 F. Supp.2d 214, 227 (W.D.N.Y. 2012) (Skretny, C.J.) (citing cases).   "A jurisdiction that releases the accused or 'provides judicial determinations of probable cause within 48 hours of arrest will, as a

general matter, comply with the promptness requirement of Gerstein[2]," Mikulec, supra, 909 F. Supp.2d at 227 (quoting County of Riverside v. McLaughlin, 500 U.S. 44, 56, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991)).

If Plaintiff alleges violation of New York constitutional law in his due process Fourth Cause of Action, the standards are the same as under the federal Due Process Clause, see Zaniewska v. City of N.Y., 569 F. App'x 39, 40 (2d Cir. 2014); Weyant, supra, 101 F.3d at 852-53 (Docket No. 5, Defs. Memo. at 9).

b.  Applicable Standards—Probable Cause

One notable privilege is that the officers had probable cause to arrest Plaintiff, see Singer, supra, 63 F.3d at 118.  "The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,'" Weyant, supra, 101 F.3d at 852 (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir.1994)); Romanac v. Town of Cheektowaga, No. 17CV334, 2021 WL 409859, at *8 (W.D.N.Y. Feb. 5, 2021) (Skrenty, J.).

> "Probable cause to arrest exists when the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks omitted). "[T]he probable cause inquiry is based upon whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest." Jaegly v. Couch, 439 F.3d 149, 153 (2d Cir. 2006) (citing Devenpeck v. Alford, 543 U.S. 146, 153 (2004). . . . Additionally, "[w]hen making a probable cause determination, police officers are entitled to rely on the allegations of fellow police officers." Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotation marks and citations omitted). "Absent significant indications to the contrary, an officer is entitled to rely on his fellow officer's determination that an arrest was lawful." Id. (internal quotation marks omitted); accord United States v. Colon, 250 F.3d 130, 135 (2d Cir. 2001) ("Under the collective or imputed knowledge doctrine, an arrest or search is permissible where the actual arresting or searching

---

[2]Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

officer lacks the specific information to form the basis for probable cause or reasonable suspicion but sufficient information to justify the arrest or search was known by other law enforcement officials initiating or involved with the investigation.").  Therefore, "[t]he determination of probable cause does not turn on whether the fellow agent's observations were accurate, but on whether the arresting agent was reasonable in relying on those observations."  Panetta, 460 F.3d at 395 (internal quotation marks and alterations omitted).

Bleiwas v. New York City, 2017 WL 3524679, at *3 (S.D.N.Y. Aug. 15, 2017) (Docket No. 21, Niagara Falls Reply Memo. at 2-3, 3 n.7; Docket No. 17, Niagara Falls Memo. at 5-6 & 6 n.25).

Elsewhere this Court observed that "[p]robable cause 'is a complete defense to an action for false arrest brought under New York law or § 1983,' Ackerson v. City of White Plains, 702 F.3d 15, 19 (2d Cir. 2012) (per curiam)," Alexis, supra, 2021 WL 5239900, at *4 (additional case citations omitted).  Such an arrest is privileged, id. (citations omitted).  Whether probable cause existed for an arrest to make it privileged can be determined as a matter of law if no one disputes the events and the knowledge of the officers, Weyant, supra, 101 F.3d at 852.

Probable cause is determined from the totality of the circumstances, Illinois v. Gates, 462 U.S. 213, 233, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); Jenkins v. City of N.Y., 478 F.3d 76, 90 (2d Cir. 2007) (Docket No. 20, Pl. Memo. at 11; cf. Docket No. 21, Niagara Falls Reply Memo. at 2).  Defendant has the burden of raising and proving the affirmative defense of probable cause, Curry v. City of Syracuse, 316 F.3d 324, 335 (2d Cir. 2003) (quoting Rodriguez v. City of N.Y., 149 Mlsc.3d 295, 296, 563 N.Y.S.2d 1004, 1005 (Sup. Ct. N.Y. County 1990)) (Docket No. 20, Pl. Memo. at 9).

c. Collective Knowledge Doctrine and Probable Cause

Niagara Falls argues that Plaintiff's arrest rests upon the collective knowledge of the deputies conveyed to John Does 3 and 4.  Under that doctrine, "an arrest or search is permissible where the actual arresting or searching officer lacks the specific information to form the basis for probable cause or reasonable suspicion but sufficient information to justify the arrest or search was known by other law enforcement officials initiating or involved with the investigation," Colon, supra, 250 F.3d at 135.  "The rule exists because, in light of the complexity of modern police work, the arresting officer cannot always be aware of every aspect of an investigation; sometimes his authority to arrest a suspect is based on facts known only to his superiors or associates."   United States v. Valez, 796 F.2d 24, 28 (2d Cir. 1986).  The arresting officer may act reasonably in reliance on information received from other law enforcement officers, see Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 568, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971) (police officers aiding other officers in executing an arrest warrant "are entitled to assume that the officers requesting aid offered the magistrate information requisite to support an independent judicial assessment of probable cause").  Officers are entitled to rely upon information from another law enforcement officer even if the identifications later turned out to be mistaken, Hewitt v. City of N.Y., No. 09-CV-214, 2012 WL 453277, at *4 (E.D.N.Y. Sept. 28, 2012).

For collective knowledge doctrine to apply, there must have been some communication between the officers involved, Colon v. City of N.Y., No. 11CV173, 2014 WL 1338730, at *4 (E.D.N.Y. Apr. 2, 2014).  "Where, however, the contrary turns out to be true, an otherwise illegal arrest cannot be insulated from challenge by the decision of

the investigating officer to rely on fellow officers to make the arrest," Whiteley, supra, 401 U.S. at 568.  The district court in Colon v. City of New York observed that it was unclear "how much information must be conveyed to an arresting officer in order for his reliance to be reasonable," Colon, supra, 2014 WL 13387730, at *6.

The collective knowledge doctrine allows the Niagara Falls police officers to rely upon the deputies' information absent significant indications to the contrary, Bleiwas, supra, 2017 WL 3524679, at *3.

The issue becomes whether it was reasonable for the officers to rely upon the observations of the deputies, see Panetta, supra, 460 F.3d at 395 (quoting Bernard v. United States, 25 F.3d 98, 103 (2d Cir. 1994)), which they are entitled to do, id.

### d.  Constitutional Malicious Prosecution

Malicious prosecution under the Fourth and Fourteenth Amendments in a § 1983 action requires allegations that (1) the elements for common law malicious prosecution (also applicable for Plaintiff's Third Cause of Action) are satisfied and (2) the malicious prosecution led to a deprivation of liberty sufficient to constitute a "seizure" under the Fourth Amendment, or allege that the malicious prosecution violated a right, privilege, or immunity secured by the Constitution or laws of the United States, Singer, supra, 63 F.3d at 116 & n.5; Mejia v. City of N.Y., 119 F. Supp.2d 232, 253-54 (E.D.N.Y. 2000); see also Boyd v. City of N.Y., 336 F.3d 72, 75 (2d Cir. 2003) (claims for malicious prosecution are similar under New York law and § 1983).  The elements of common law malicious prosecution are (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for the criminal proceeding; and (4) actual malice,

Broughton, supra, 37 N.Y.2d at 457, 373 N.Y.S.2d at, 94; see Mendez v. City of N.Y.,
137 A.D.3d 468, 471, 27 N.YS.3d 8, 12 (1st Dep't 2016).

e.  Parties' Contentions

Niagara Falls argues that the unnamed police officers had probable cause for
arresting Plaintiff, thus the First, Second, and Fourth Causes of Action should be
dismissed as against the City.  The City next contends that the Third Cause of Action also
should be dismissed because the officers had probable cause.  Niagara Falls relies upon
the collective knowledge from Deputies Kennedy and Fratello for probable cause in the
eventual arrest of Plaintiff.  (Docket No. 17, Niagara Falls Memo. at 4-8, 8-9.)  Niagara
Falls next argues that the Fifth Cause of Action for municipal liability under Monell should
be dismissed because the police officers had probable cause to arrest Plaintiff (id. at 9-
11).  Moving on behalf of John Doe Defendants 3 and 4, Niagara Falls asserts that these
officers were entitled to qualified immunity because their arrest is based upon probable
cause (id. at 11-12; see also Docket No. 21, Niagara Falls Reply Memo. at 5).

Plaintiff denies that there was probable cause for his arrest (Docket No. 20, Pl.
Memo. at 9-14).  He argues that John Doe officers 3 and 4 had no independent basis for
arresting him and there was no evidence of Kennedy or Fratello communicating with John
Doe 3 or 4 to have collective knowledge (id. at 9-10, 11-12, 12-14).  Further, Plaintiff
argues that John Does 3 and 4 are not entitled to qualified immunity because they
arrested him without probable cause (id. at 14, citing Triolo v. Nassau County, 24 F.4th
98, 113 (2d Cir. 2022)).

The City replies that the John Doe officers had probable cause from the collective
knowledge doctrine (Docket No. 21, Niagara Falls Reply Memo. at 1-2).  Plaintiff alleged

in the Amended Complaint the communication between Kennedy and Fratello and the John Does 3 and 4 (albeit false allegations against Plaintiff), providing sufficient proof for the collective knowledge doctrine to apply (id. at 2-4; cf. Docket No. 16, Am. Compl. ¶¶ 68, 99).   Therefore, the First, Second, Third, and Fourth Causes of Action should be dismissed (Docket No. 21, Niagara Falls Reply Memo. at 4).   Niagara Falls next points out that Plaintiff did not respond to its argument that Plaintiff has not adequately pled Monell liability for the Fifth Cause of Action (id. at 4) or responded to the rejection of punitive damages liability to the City and its employees (id. at 5).

f.   Fourth Amendment Seizure, First and Fourth Causes of Action

As noted in the March 2nd Decision, Cain, supra, 2022 WL 616795, at *11, the First and Fourth Causes of Action both allege due process violations (deemed under the Fourteenth Amendment Due Process Clause) for Plaintiff's seizure.   This seizure is analyzed under the Fourth Amendment rather than the Due Process Clause directly. Plaintiff alleges that there was no probable cause for his seizure, and such cause was contrived by Defendant deputies or officers (see Docket No. 16, Am. Compl. ¶¶ 52-54).

Addressing the Amended Complaint, both sides state the Motion to Dismiss standards, based upon the facts alleged in the Amended Complaint here and taking them as true for purposes of this Motion (Docket No. 17, Niagara Falls Memo. at 3; Docket No. 20, Pl. Memo. at 8-9).   No additional evidence is cited.   Thus, resting upon the allegations in the Amended Complaint, Niagara Falls argues that its officers relied upon statements from the Niagara County deputies to arrest Plaintiff, providing probable cause for the Niagara Falls police officers (Docket No. 17, Niagara Falls Memo. at 5-6; Docket

No. 21, Niagara Falls Reply Memo. at 1-2; 3, 2 n.5, <u>citing</u> Docket No. 16, Am. Compl. ¶¶ 67-68, 99).

In <u>Bleiwas</u>, plaintiff Martin Bleiwas, a former New York City 911 EMS dispatcher, claimed he was lawfully selling decommissioned New York Police Department radios and sold one to NYPD Sergeant Leon Lian.  Sergeant Lian provided the serial number of the radio he purchased to NYPD Lieutenant John Hand and Pierre Barbee, a NYPD radio technician supervisor, who informed Sergeant Lian that decommissioned NYPD radios were mechanically destroyed and Bleiwas would not have permission to possess them. Sergeant Lian then obtained a search warrant for Bleiwas' home.  The search revealed hundreds of decommissioned radios.  <u>Bleiwas</u>, <u>supra</u>, 2017 WL 3524679, at *1.  During the search Bleiwas repeatedly said that the radios had been sold by the City at auction and that he lawfully purchased them, <u>id.</u> at *2.  Nevertheless, Bleiwas was arrested and eventually had his criminal case dismissed, <u>id.</u>  He sued New York City and NYPD officers (including Sergeant Lian, Lieutenant Hand, and Barbee) alleging that Sergeant Lian obtained the search warrant under false pretenses because he, Lieutenant Hand, and Barbee had no basis to believe the radios were stolen, <u>id.</u>

On New York City defendants' Motion to Dismiss, they argued that the federal and state false arrest claims should be dismissed because there was probable cause or arguable probable cause to arrest Bleiwas, <u>id.</u> at *3.  Defendants there relied upon the collective knowledge doctrine to provide probable cause for Bleiwas' arrest, with Sergeant Lian reasonably relying upon Lieutenant Hand and Barbee's statements that possession of the radios was illegal, <u>id.</u> at *4.  In reply, however, defendants conceded that the claims

should not have been dismissed against Sergeant Lian, Lieutenant Hand, and Barbee, id.

Accepting that concession and Bleiwas' allegations in his Complaint that Barbee falsely represented that all decommissioned radios were mechanically destroyed, the district court held that Sergeant Lian, Lieutenant Hand, and Barbee lacked probable cause to arrest Bleiwas, id.

As for Shaun Cain in the present case, officer John Does 3 and 4 reasonably relied upon the information from Deputies Kennedy and Fratello.  He alleges that Deputies Kennedy and Fratello falsely accused him and detained him, turning him over to John Doe 3 and 4 and the Niagara Falls police for arrest (Docket No. 16, Am. Compl. ¶¶ 67-68, 99).  These allegations contain no significant indications that the deputies' statements to John Does 3 and 4 should not be relied upon to invalidate collective knowledge.  The Amended Complaint does not allege that John Does 3 and 4 knew (or should have known) that Kennedy and Fratello's charges were false.

Unlike Bleiwas, there is no allegation here contrary to the deputies' accusation beyond the Amended Complaint merely making the conclusory allegation that Plaintiff was falsely accused and John Does 3 and 4 relied upon the false accusation.

Contrast the disposition of Niagara County Defendants' Motion (Docket No. 5). The March 2nd Decision observed that there are issues of fact whether there was probable cause for the County's detention of Plaintiff, Cain, supra, 2022 WL 616795, at *15; cf. Weyant, supra, 101 F.3d at 852.  There was no intervening law enforcement action before the deputies' detention.   John Does 3 and 4, however, relied upon the deputies' representation.   The difference from the County Defendants' position is collective

knowledge that John Doe officers 3 and 4 relied upon to arrest Plaintiff. "In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution to believe that the person to be arrested has committed or is committing a crime," Weyant, supra, 101 F.3d at 852.

Applying the collective knowledge doctrine, "'the proper inquiry is whether the arresting officer acted reasonably, as opposed to whether probable cause actually existed or the vouching officer acted reasonably,' and '[i]n a chain of communication between officers, responsibility for the accuracy of probable cause remains with the officer that provided the affirmation, not the arresting officer,'" Colon, supra, 2014 WL 1338730, at *5 (quoting Golphin v. City of N.Y., No. 09-CV1015, 2011 WL 4375679, at *2 (S.D.N.Y. Sept. 19, 2011) (citations omitted)).

John Doe officers 3 and 4 here could reasonably rely upon Deputies Kennedy and Fratello as the original sources for the accusation against Plaintiff for John Does 3 and 4 to arrest Plaintiff, despite the underlying fact issue whether the deputies' own information was trustworthy.

There is no allegation that John Does 3 and 4 knew of any coercion or falsity in the deputies' statement to undermine the reasonableness of arresting or further detaining Plaintiff. The Niagara Falls police officers did not have an independent duty to evaluate the evidence before deciding to arrest, Reinhart v. City of Schenectady Police Dep't, 599 F. Supp.2d 323, 329 (N.D.N.Y. 2009); Martinez v. Simonetti, 202 F.3d 625, 635 (2d Cir. 2000) ("[i]t is not unreasonable for police officers to rely on the accounts provided by other officers at the scene, even when confronted with conflicting accounts"). Niagara

Falls and its police officers are thus one step removed from the originating facts for probable cause but can rely upon those facts absent allegation of significant contraindications.

The March 2nd Decision, however, dismissed the original Fourth Amendment claims against the County Defendants on the alternative grounds of the failure to allege deprivation of liberty.  Cain, supra, 2022 WL 616795, at *13.

Thus, probable cause existed for the Niagara Falls police to arrest Plaintiff based upon the deputies' representations and his arrest and confinement were privileged. Plaintiff fails to state a false arrest or false imprisonment claim under the Fourth Amendment or state common law.  Niagara Falls' Motion to Dismiss (Docket No. 17) the First and Fourth Causes of Action is granted.

### 3.  Supplemental Jurisdiction

This Court held that it had original federal jurisdiction over the case and exercised supplemental jurisdiction over the remaining Second Cause of Action for common law false arrest and false imprisonment because that claim shares the same nucleus of operative facts with his federal claims, all arising from his alleged false detention and arrest by Kennedy and Fratello, Cain, supra, 2022 WL 616795, at *17, leading to the arrest by John Does 3 and 4.  Although as held above, the Amended Complaint's First Cause of Action is dismissed, this Court will exercise supplemental jurisdiction over the Second and Third Causes of Action against Niagara Falls.

### 4.  Second Cause of Action, Common Law False Arrest

On this Second Cause of Action as discussed above for the First and Fourth Causes of Action, Plaintiff has alleged Niagara Falls intended to confine him, that he was

conscious of the confinement, and did not consent to it.   The issue is whether the confinement was privileged.

When the County Defendants invoked probable cause to dismiss the original Second Cause of Action, this Court found that, without the parties agreeing on the facts of probable cause, their affirmative defense cannot be resolved in a Motion to Dismiss, Cain, supra, 2022 WL 616795, at *14 (citing Posr v. Court Officer Shield #207, 180 F.3d 409, 415 (2d Cir. 1999); Coyle v. Coyle, 354 F. Supp.2d 207, 211-12 (E.D.N.Y. 2005)).

Niagara Falls again argues that Plaintiff's arrest was privileged because the deputies had probable cause to seize Plaintiff, relying upon the deputies' accusatory statements.   Niagara Falls' officers can rely upon the collective knowledge of deputies Kennedy and Fratello to establish probable cause for Plaintiff's subsequent arrest. Plaintiff's confinement thus is privileged.

Since the false arrest claim under § 1983 (as alleged in the First and to a degree Fourth Causes of Action) is the same as state common law false arrest (alleged in the Second Cause of Action), Singer, supra, 63 F.3d at 118,  Niagara Falls' Motion to Dismiss (Docket No. 17) that Second Cause of Action is granted.

### 5.   Third Cause of Action—Malicious Prosecution

For Plaintiff's federal malicious prosecution claim, in addition to alleging the elements for common law claim (as discussed for his Third Cause of Action), Plaintiff needs to allege that his deprivation of liberty was sufficient to constitute a seizure under the Fourth Amendment or was a violation of a right, see Singer, supra, 63 F.3d at 116-17, 116 n.5.  To successfully allege "a § 1983 claim of malicious prosecution in violation of the Fourth Amendment rights, [Plaintiff] must show some post-arraignment deprivation

of liberty that rises to the level of a constitutional violation," id. at 117 (emphasis added) (citing Memphis Community Sch. Dist. v. Stachura, 477 U.S. 299, 309, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986)).

Plaintiff alleges that upon his arraignment he was released on his own recognizance (Docket No. 16, Am. Compl. ¶ 83).  As he alleged against the County Defendants, he also claims that Niagara Falls' deprivation was the pre-arraignment arrest and detention.  Plaintiff has not alleged a post-arraignment deprivation of liberty to state a constitutional malicious prosecution claim.  Thus, the Third Cause of Action is dismissed, and Niagara Falls' Motion (Docket No. 17) is granted.

6.  Fifth Cause of Action—Municipal Liability

a.  Standards

"A municipality may not be held liable under § 1983 solely because it employs a tortfeasor," Board of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).  The text of § 1983 calls for this because that statute imposes liability only upon the person who deprived a federal right, id. at 403. The Supreme Court also found that § 1983's legislative history revealed that Congress intended to limit municipal liability because for concern about imposing liability upon a municipality for the conduct of others, id. (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), citing Monell, supra, 436 U.S. at 665-83).

"To hold a city liable under § 1983 for unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements:  (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right," Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983); see Tuttle, supra, 471 U.S. at 824; Monell

v. New York City Dep't of Social Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (plaintiff must identify the municipal policy or custom that caused plaintiff's injury). That policy or custom must be "the moving force" behind violation of federal rights, City of Canton v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Plaintiff also needs to show that the policy or custom proximately caused the deprivation, Owen v. City of Independence, 445 U.S. 622, 633, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980).

### b.  Parties' Contentions

Niagara Falls relies upon its officers having probable cause to arrest Plaintiff to preclude municipal liability (Docket No. 17, Niagara Falls Memo. at 9-11). Plaintiff argues the City is vicariously liable for the unlawful conduct of John Doe 3 and 4, denying qualified immunity (Docket No. 20, Pl. Memo. at 14). Niagara Falls counters that this response does not address municipal liability and the failure to allege an official policy or custom or patterns of similar constitutional violations to state a Monell claim (Docket No. 21, Niagara Falls Reply Memo. at 4).

### c.  Analysis

Having just concluded that Niagara Falls' officers had probable cause to arrest and detain Plaintiff, Plaintiff has not alleged a constitutional violation or violation of a municipal policy to impose municipal liability under Monell. Plaintiff's arrest was privileged, at least insofar as the City was concerned. Thus, there is no wrongful act of John Does 3 and 4 to make the City of Niagara Falls liable for under a respondeat superior theory.

Niagara Falls' Motion to Dismiss (Docket No. 17) the Fifth Cause of Action is granted.

### C.  Qualified Immunity

Niagara Falls also argues that John Doe officers 3 and 4 should enjoy qualified immunity for their actions as City officers (Docket No. 17, Niagara Falls Memo. at 11-12).

#### 1.  Applicable Standards

When confronted by a claim of qualified immunity, the Supreme Court in <u>Pearson v. Callahan</u>, 555 U.S. 223, 236, 231-32, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), held that district courts determine in each case whether to consider first the question of immunity or whether a constitutional violation has occurred.

Government officials performing discretionary functions generally are shielded by qualified immunity from liability in their individual capacities, <u>see</u> <u>Frank v. Reilin</u>, 1 F.3d 1317, 1327 (2d Cir. 1993), "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 196 (1982).  "If it was objectively reasonable for the defendant to believe that his act did not violate the plaintiff's constitutional rights, the defendant may nevertheless be entitled to qualified immunity."  <u>Anderson v. Creighton</u>, 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); <u>Lowth v. Town of Cheektowaga</u>, 82 F.3d 563, 568-69 (2d Cir. 1996).

#### 2.  Parties' Contentions

Niagara Falls argues for John Does 3 and 4 that they are entitled to qualified immunity because John Does arrested Plaintiff with probable cause (Docket No. 17, Niagara Falls Memo. at 11-12) or at least arguable probable cause (<u>see</u> Docket No. 21, Niagara Falls Reply Memo. at 5).

Plaintiff denies Niagara Falls is entitled to qualified immunity resting upon the City's vicarious liability for the unlawful conduct of its police officers (Docket No. 20, Pl. Memo. at 14, citing Triolo, supra, 24 F.4th at 113).

### 3.  Qualified Immunity

First, Triolo is distinguishable.   Plaintiff cites the Second Circuit in Triolo addressing municipal vicarious liability and the lack of municipality entitlement to qualified immunity under New York law, id. at 113 (emphasis added), see also id. at 113 (Lohier, J., concurring) ("The central question in this appeal is whether a county, town, or city in New York State can be held liable under New York law for damages caused by its own officials, even when the officials themselves are entitled to individual immunity.").  This is not federal qualified immunity.  The Second Circuit also observed that "even where actual probable cause does not exist, an officer may be entitled to qualified immunity on a § 1983 false arrest claim if his actions were objectively reasonable or if 'arguable probable cause' existed at the time of the arrest," id. at 107; Figueroa v. Mazza, 825 F.3d 89, 100 (2d Cir. 2016); District of Columbia v. Wesby, 583 U.S. ___, 138 S.Ct. 577, 591, 199 L.Ed.2d 453 (2018).

Niagara Falls here asserts immunity for John Does 3 and 4 and not for itself (Docket No. 17, Niagara Falls Memo. at 11-12; see Docket No. 21, Niagara Falls Reply Memo.).  The fact that John Does 3 and 4 had probable cause for arresting Plaintiff qualifies them for immunity, even if they had arguable probable cause, Triolo, supra, 24 F.4th at 107.

4.   John Does 3 and 4 and Immunity

What is troubling, however, is that these officers were not identified.  "John Doe" is a placeholder identifier, see Gonzalez v. New York City, No. 16-CV-00254, 2016 WL 7188147, at *6 (S.D.N.Y. Dec. 2, 2016); see also Bryant v. Ciminelli, 267 F. Supp.3d 467, 477 (W.D.N.Y. 2017) (Wolford, J.) (facts alleged do not allow inference that John Doe officers acted within clearly established law, existence of qualified immunity could not be determined from the alleged facts).  In Gonzalez, the court denied summary judgment on defendant's Motion to Dismiss on qualified immunity grounds because the record was too underdeveloped regarding the John Doe defendants to grant them relief, 2016 WL 7188147, at *6.  The court denied the motion without prejudice to renew after the John Doe was identified; "until then, there is no defendant entitled to invoke qualified immunity, only a placeholder name," id.

Similarly, Cain has not named John Does 3 or 4 and Niagara Falls has not identified them.  Thus, there currently are no defendants to immunize.  Until identified, the City's assertion that John Doe 3 and 4 be granted qualified immunity is denied without prejudice.

D.  Service of John Does

In addition to not being identified, John Does 3 and 4 were not served the Complaint or Amended Complaint as required by Federal Rule of Civil Procedure 4(m). This case has been pending for almost a year and a half with no identification or service of John Does 3 and 4.  Plaintiff filed proof of service for the City of Niagara Falls only (cf. Docket Nos. 10, 11, Certificate of Service of City of Niagara Falls).

If a defendant is not served within 90 days after filing the Complaint (or Amended Complaint) this Court after notifying the plaintiff "must dismiss the action without prejudice against that defendant," Fed. R. Civ. P. 4(m).

Thus, within 21 days of entry of this Decision and Order, Plaintiff is directed to show good cause for his failure timely to serve John Does 3 and 4.  Failure to demonstrate such cause will result in the claims against John Does 3 and 4 being dismissed without prejudice.   Animas v. Balcon Quiteno Inc., No. 14-CV-3763 (CBA)(PK), 2016 WL 1271478, at *2 (E.D.N.Y. Mar. 30, 2016); see Thompson v. Maldonado, 309 F.3d 107, 110 (2d Cir. 2002).

### E.  Punitive Damages

#### 1.  Applicable Standards

Municipalities and their employees are not subject to punitive damages, City of Newport v. Fact Concerts, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); Ivani Contracting Corp. v. City of N.Y., 103 F.3d 257, 262 (2d Cir. 1997) (municipal officials sued in their official capacity are immune from punitive damages); see Brandon v. Holt, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) (suit against municipal official in his or her official capacity) (Docket No. 17, Niagara Falls Memo. at 12 & n.55).

#### 2.  Analysis

Plaintiff does not address Newport and Ivani and the bar to punitive damages upon municipalities or their employees sued in their official capacities, such as Niagara Falls and John Does 3 and 4 (Docket No. 21, Niagara Falls Reply Memo. at 5; see Docket No. 17, Niagara Falls Memo. at 12-13)  Plaintiff sues John Does 3 and 4 in their individual capacities (Docket No. 16, Am. Compl.) but allege that they acted "according to their

official duties" as Niagara Falls Police Officers (id. ¶ 13).  Plaintiff generally sought punitive damage from Niagara Falls and John Does 3 and 4 (id. ¶ 2) but not expressly in his demands for judgment in the Wherefore clause of the Amended Complaint (id. at page 19).

Nevertheless, Plaintiff is not entitled to punitive damages from the City or the John Doe officers in their official capacity.  This Court will not address whether John Doe 3 and 4 (in their individual capacity) are liable for punitive damages for persons that have not been identified or served.

Niagara Falls' Motion to Dismiss (Docket No. 17) denying this relief is granted.

## IV.    Conclusion

On the City of Niagara Falls' Motion to Dismiss the Amended Complaint (Docket No. 17), based upon the collective knowledge of law enforcement Niagara Falls police officers John Doe 3 ad 4 had probable cause to arrest Plaintiff.  Plaintiff's arrest was rendered privileged.  As a result, Plaintiff fails to state claims against the City in the Amended Complaint.

Thus, the First, Second, Third, and Fourth Causes of Action are dismissed against the City.

The City's Motion to Dismiss (Docket No. 17) the Fifth Cause of Action is granted. Plaintiff has not alleged violation of a municipal policy and, given the probable cause for his arrest, or violation of his constitutional rights by John Doe officers 3 and 4.

The City's Motion denying Plaintiff's claim for punitive damages against the City and John Does 3 and 4 (in their official capacities) also is granted.

John Does 3 and 4 are denied qualified immunity without prejudice until these Defendants are identified and served.  Plaintiff, however, shall show good cause within 21 days of entry of this Decision and Order for his failure to serve John Doe 3 and John Doe 4.

Otherwise, the only remaining claims in the Amended Complaint are alleged in the Second Cause of Action for false arrest against Niagara County, Keith Kennedy, and Guy Fratello.  This case will be referred to a Magistrate Judge for further pretrial proceedings.

## V.    Orders

IT HEREBY IS ORDERED, that the City of Niagara Falls Motion to Dismiss (Docket No. 17) the Amended Complaint (Docket No. 16) is GRANTED.

FURTHER, that Plaintiff shall show good cause within 21 days of entry of this Decision and Order for his failure to timely serve John Doe 3 and John Doe 4.

FURTHER, that this case shall be referred to a Magistrate Judge to conduct further pretrial proceedings.

SO ORDERED.


Dated:       June 14, 2022
             Buffalo, New York


                                        s/William M. Skretny
                                     WILLIAM M. SKRETNY
                                    United States District Judge